IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-03354-CMA-MJW

EDWARD M. MONTOYA,

    Plaintiff,

v.

A&M APARTMENTS, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant A&M Apartments, Inc's ("A&M") Motion to Dismiss Plaintiff Edward Montoya's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. (Doc. # 16.) For the reasons discussed below, Defendant's motion is denied.

## I. BACKGROUND

Plaintiff initiated this action on December 22, 2011, alleging that Mary Truong, owner and president of A&M, discriminated against him based on his gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and because of a disability he has, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* (Doc. # 1.)  Plaintiff alleges that Ms. Truong sexually harassed him on a continuing basis, and that he faced retaliation

for declining her advances. (*Id.* at 4-6.) He further alleges that Ms. Truong had prohibited him from leaving work to attend his doctor's appointments. (*Id.* at 3, 6.)

On March 8, 2012, A&M filed the instant. (Doc. # 16.) Plaintiff submitted his response on March 14, 2012 (Doc. # 21), and A&M filed its reply on March 28, 2012 (Doc. # 22).

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of a complaint. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). For purposes of a motion to dismiss, the Court accepts the complaint's allegations as true and views them in the light most favorable to the plaintiff. *Jones v. Hunt*, 410 F.3d 1221 (10th Cir. 2005). To survive a motion to dismiss, "detailed factual allegations are not required," but there must be sufficient facts "to state a claim for relief that is plausible on its face," allowing the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("We look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief").

## III. DISCUSSION

In its motion to dismiss, A&M asserts that it was not an employer as defined by Title VII or the ADA and, therefore, Plaintiff failed to state a claim upon which relief may

be granted.  (Doc. # 16 at 1.)  Title VII and the ADA both define an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A).  In its motion, Defendant states that it had never employed the requisite fifteen employees and, thus, is not an employer under Title VII or the ADA.[1]  (Doc. # 16 at 1.)  Plaintiff admits that A&M did not employee fifteen or more employees but argues that when aggregated, Ms. Truong's related companies employ more than fifteen employees.  (Doc. # 21 at 7.)  As such, Plaintiff contends that the Court should employ the Single Employer Test to determine whether A&M, through its allegedly related entities, is an integrated enterprise employing fifteen or more employees.  *Id.*

The Single Employer Test is a judicial doctrine developed and employed to determine whether two or more nominally separated entities may be treated as one integrated enterprise.  *Bristol v. Bd. of Cnty. Comm'rs,* 312 F.3d 1213, 1218 (10th Cir. 2002).  The Single Employer Test is commonly utilized by plaintiffs to combine the number of employees of two or more related entities in order for defendants to meet the threshold number of employees.  *See Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980) (holding that the Sheriff was an agent of the county for the sole purpose of satisfying the fifteen employee requirement of Title VII); *Lyes v. City of Riviera Beach,*

---

[1] The threshold number of employees in Title VII and the ADA's definition of employer is not jurisdictional but, rather, an element of the claim for relief.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006).

*Fla.*, 166 F.3d 1332 (11th Cir. 1999) (acknowledging the Single Employer Test's application to combine the number of employees for private entities); *Patterson v. Yazoo City, Miss.*, 847 F. Supp. 2d 924, 940 (S.D. Miss. 2012) (holding that the plaintiff could aggregate the number of city employees under the Single Employer Test).  Courts weigh four factors when applying the Single Employer Test to determine whether nominally separated entities constitute a single employer: (1) interrelatedness of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control.  *Bristol*, 312 F.3d at 1220.  Although no factor is determinative, the third factor is generally considered to be the most important.  *Id.*

In general, "determining whether an entity qualifies as an employer is a fact issue for the jury."  *Bristol*, 312 F.3d at 1121.  The Court's limited inquiry for the instant motion is merely whether Plaintiff has plead sufficient facts to plausibly state a claim for relief, which in this case would be to show that Ms. Truong's companies may be an integrated enterprise.  The Court finds that Plaintiff has alleged sufficient facts to support his claim that A&M is an employer under Title VII and the ADA.

In his Complaint, Plaintiff contends that Ms. Truong is the owner and president of: A&M; PPT Properties LLC; AMJ Property Investment Inc.; and A&M Property Investment Inc.  (Doc. # 1 at 3.)  Additionally, in his Complaint, Plaintiff contends that Ms. Truong "cuts the checks and pays all the employees for all the above companies she is President of and owns."  (Doc. # 1 at 3.)  These allegations support the notion that A&M and the related enterprises had common ownership and financial control.

Plaintiff further alleges that he served as "Regional Property Manager of all the above companies" and that "if any of the employees working for [one of the companies] had an issue, they would contact [him] and he would take the issue to Ms. Truong." *Id.* This allegation, viewed in the light most favorable to Plaintiff, could support a finding that the entities had interrelated operations, common management, and centralized control of labor relations.

Accepting these allegations as true, and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has pled sufficient facts to state a claim for relief under the Single Employer Test. Therefore, with evidentiary support, a reasonable inference could be drawn that Defendant and its associated entities are an integrated enterprise with fifteen or more employees – that is, an employer under Title VII and the ADA.

## IV.  **CONCLUSION**

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss (Doc. 16) is DENIED.

DATED: October   29  , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge